(No. 4046 

LOUISE J. SIPPEL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 16, 1948.*

CLAIMANT, *Pro Se.*

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for Respondent.

DAMRON, J.

The record consists of the complaint, report of Division of Highways, stipulation in lieu of evidence, waivers of briefs of claimant and respondent.

The stipulation shows that on the 18th day of July, 1947, John Sippel, an employee in the Division of Highways sustained an accidental injury which arose out of and in the course of his employment; that notice of the said injury was given to the respondent and claim for compensation on account thereof was made within the time required under Section 24 of the Workmen's Compensation Act, as amended, and the complaint was filed within apt time under the Statute.

It is further stipulated that the said John Sippel was employed as a common laborer and that at periods his team and mower were also hired to mow vegetation along

State highways, and on these occasions he was paid an additional amount for the use of his team and mower.

The Departmental report shows that Mr. Sippel was first employed by the Division of Highways in June 1942 as a common laborer at a wage rate of $ .50 per hour. He was intermittently employed by the Division from that date until July 18, 1947. During the Spring of 1947 he agreed to mow vegetation with his team and mower for the Division and for these services beginning June 16, 1947 he was to receive $1.60 an hour. He began mowing vegetation on that date and worked regularly until July 18, 1947 when he received the injuries which subsequently resulted in his death. The Departmental report further shows that common laborers such as was Mr. Sippel received $ .90 an hour during the period just prior to and on the date of his injury, eight hours constituted a normal working day. They worked less than 200 days a year.

On July 18, 1947 he had been assigned to mow weeds on 127th Street in Cook County, east of the village of Palos Park, and at about 3:30 o'clock that afternoon he was found unconscious in the north ditch of 127th Street about two blocks west of Harlem Avenue.

The Cook County Highway Police were notified, who secured an ambulance which took him to Mary Hospital in Evergreen Park where Dr. Edward M. Murphy was placed in charge of the case. He reported to the Division that Mr. Sippel fell off the mower holding to the lines; the horses backed up causing the wheels of the mower to pass over his body. Dr. Murphy diagnosed his injuries as contusion of the abdominal wall, ruptured liver, and retroperitoneal hematoma. He was placed in bed, blood transfusions were given together with penicillin. X-rays were made.

Dr. Murphy secured the services of Dr. R. H. Lawler as a consultant who assisted in the treatment of the patient. On August 1, 1947 he was released from the hospital to convalesce at home. On September 3, 1947 the Division had him removed by ambulance to St. Luke's Hospital in Chicago where he was treated by Dr. H. B. Thomas, Orthopedic surgeon. He did not respond to treatment under Dr. Thomas and on September 18, 1947 he died as a result of this injury.

From this record we made the following findings: that on the 18th day of July 1947, the decedent John Sippel received injuries which arose out of and in the course of his employment for the respondent which resulted in his death on the 18th day of September 1947; that his annual wages for one year next preceding his injury amounted to the sum of $1,440.00. At the time of his death he was 67 years of age and left surviving him his widow, the claimant, Louise J. Sippel. There were no children under 16 years of age dependent upon him for support. We find that his average weekly wages based on the fact that he was a part time employee amounted to $27.69, therefore his weekly compensation rate is $18.00 since the injury and death occurred subsequent to July 1, 1947.

An award is therefore entered in favor of the claimant, Louise J. Sippel, in the sum of Five Thousand Two Hundred ($5,200.00) Dollars, as provided under Section 7 (a) of the Workmen's Compensation Act, as amended.

From the date of the death of Mr. Sippel to the 11th day of March, 1948 the sum of $450.00 has accrued representing 25 weeks, which is payable to her in a lump sum. The remainder of said award, amounting to Four Thousand Seven Hundred and Fifty ($4,750.00) Dollars, is payable to her at $18.00 per week for 263 weeks with

one final payment of $16.00, payable out of the Road Fund.

The record shows that the Division of Highways forwarded to claimant check No. 133260, for $113.14 and .check No. 137166, for $43.71 payable to decedent for total temporary disability which were received by claimant after Mr. Sippel's death. It further shows that these checks were returned to the Division of Highways by the claimant but were thereafter returned to her with instructions to cash them. This award does not take into consideration the amounts paid to her through these checks and they must be returned to the Division of Highways by her for cancellation otherwise the amount of $156.85 must be deducted from the award.

The future payments before referred to, being subject to the terms and provisions of the Workmen's Compensation Act, jurisdiction of this cause is hereby retained by this Court for the purpose of making such further orders as may from time to time be necessary herein.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."